IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Wanda I. González Villegas, et al.,

       Plaintiffs,

         v.

Doctors' Center Hospital, et al.,

       Defendants.

**Civil No. 21-1592 (GMM)**

## <u>OPINION AND ORDER</u>

This is a medical malpractice case arising primarily out of the treatment provided at co-Defendant Doctors' Center Hospital ("Doctors' Center") and Caribbean Medical Center ("CMC") by defendants Dr. Glorimar Santos Llanos ("Dr. Santos-Llanos"), Dr. Monica Santos-Rodríguez ("Dr. Santos-Rodríguez") and Dr. Iolani García Rosario ("Dr. García") (collectively "co-Defendants").[1] Pending before the Court are three motions for summary judgment filed by co-defendant physicians: *Motion for Summary Judgment* filed by Dr. Santos-Llanos (Docket No. 154); *Motion for Summary Judgment and Memorandum in Support* filed by Dr. García (Docket No. 158); and *Motion for Summary Judgment* filed by Dr. Santos-Rodríguez (Docket No. 161). Separately, these co-defendants request the Court to summarily dismiss the case as time-barred as to them under

---

[1] The Court notes that other co-defendants that were originally named, have now been voluntarily dismissed.

Civil No. 21-1592 (GMM)
Page -2-

the applicable statute of limitations. They also seek the dismissal of any inherited cause of action.

For the following reasons, the Court **DENIES** all three motions for summary judgment.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2021, plaintiff Wanda I. González Villegas ("Plaintiff") filed a *pro se Complaint* ("Complaint") seeking damages resulting from the "negligence and malpractice which cause[d] the death" of her father Santos González Ponce ("Mr. González") on December 11, 2020, while under the care of the Doctors' Center and Hogar Gonsuárez. (Docket No. 1). In that original Complaint, Plaintiff also included as defendants CMC, "Dr. Carlos Blanco," "Dr. Santos," "Laboratory Unknown Corp.," "Legal Conjugals (sic) Partnership," "Medical Director[(s)]," "Alexis Rivera," and "Iris González," among other unknown physicians, officers, and insurance companies. (Id.)

On April 7, 2023, Plaintiff filed a *Motion for Leave to Amend Complaint to Conform to the Evidence*. (Docket No. 33). After the request was granted by the Court, Plaintiff filed an *Amended Complaint* on April 12, 2022. (Docket Nos. 34; 35). Dr. Santos-Llanos was not mentioned or included in the *Amended Complaint*. On August 31, 2022, Plaintiff appeared represented by an attorney, after her previous legal representative had passed away, and

Civil No. 21-1592 (GMM)
Page -3-

requested leave to file an amended complaint against several new defendants. (Docket Nos. 79; 80). Plaintiff alleged that the request should be granted because, at the time of the filing of the original Complaint, Plaintiff did not have an expert witness report. (Id.). Although the Court originally denied the request, Plaintiff was allowed to file her amended complaint on reconsideration. (Docket Nos. 81; 84).

Plaintiff filed the *First Amended Complaint* on October 21, 2022. (Docket No. 85). In the *First Amended Complaint*, Plaintiff named as co-Defendants Doctors' Center, CMC, Hogar Gonsuárez, Iris Suárez, Dr. Carlos Blanco, Dr. Santos-Rodríguez, Dr. Julio Vergara, Dr. Daniel López, Dr. Santos-Llanos, Dr. García, Dr. Ubaldo Santiago Buono, and Dr. José Ortiz. (Id.). On November 29, 2023, Plaintiff filed *Joint Motion for Voluntary Dismissal with Prejudice* and her claims as to Dr. Julio Vergara were dismissed. (Docket Nos. 117; 118; 119). On December 5, 2023, Plaintiff filed *Joint Motion for Voluntary Dismissal with Prejudice* and her claims as to Dr. José Ortiz, Infectiologist were dismissed. (Docket Nos. 121; 122; 123). On January 24, 2025, after the request for voluntary dismissal, *Partial Judgment* was entered dismissing claims with prejudice as to co-Defendant CMC. (Docket Nos. 150; 151; 152).

Civil No. 21-1592 (GMM)
Page -4-


On January 31, 2025, co-Defendant Dr. Santos-Llanos filed a Motion for Summary Judgment, accompanied by a *Memorandum of Law in Support of Motion for Summary Judgment and Statement of Uncontested Material Facts* and a *Statement of Uncontested Material Facts*. (Docket Nos. 154; 155; 156). Therein, Dr. Santos-Llanos argues that she was consulted by Internal Medicine unit during the admission of Mr. González at the CMC. (Docket No. 155). She adds that her identity was known to Plaintiff since Mr. González's admission at the CMC. Furthermore, she posits that Plaintiff requested the medical record —which clearly contains Dr. Santos-Llanos' legible name— at the CMC just 4 days after Mr. González's passing on December 11, 2020. (Id.). Notwithstanding this fact, Dr. Santos-Llanos argues that Plaintiff did not include her as a defendant in this case until the filing of the *First Amended Complaint* on October 21, 2022, almost two years after Mr. González's death. (Id. at 2).

Dr. Santos-Llanos further contends that Plaintiff "failed to allege how this action was timely filed or that perfect solidarity existed between Dr. Santos Llanos and any of the defendants" and that "[t]he only reason given by the plaintiff to file this belated action was that she did not have an expert opinion up until that moment". (Id.). Citing Puerto Rico Supreme Court decision in Fraguada v. Hosp. Auxilio Mutuo, 186 DPR 365 (2012), Dr. Santos-

Civil No. 21-1592 (GMM)
Page -5-

Llanos asserts that "the *in solidum* doctrine applies to torts actions, such as this medical malpractice claim." Consequently, she posits that Article 1104 of the Puerto Rico Civil Code of 2020 (previously Article 1874 of the Puerto Rico Civil Code of 1930), which was in effect and applies to the facts of this case, establishes that "the plaintiff must toll the statute of limitations against the rest of the alleged joint tortfeasors separately if the plaintiff wishes to pursue the cause of action against each one." Therefore, she argues that Plaintiff's claims against her are time-barred since she was not included in the original Complaint nor the *Amended Complaint*. She also argues that no perfect solidarity was alleged and that the *First Amended Complaint*, which included her as a defendant, was filed outside the statute of limitations, almost two years after Mr. González's passing. In addition, Dr. Santos-Llanos argues that Plaintiff only brought a claim for her own pain and suffering and that her survivorship or inherited cause of action is incomplete and time-barred. (Id. at 22-23).

On January 31, 2025, the Court granted Dr. Santos-Rodríguez's *Motion for Joinder* as to motions filed by Dr. Santos-Llanos at Docket Nos. 155, 156 and 157. (Docket No. 165). On February 3, 2025, the Court also granted the *Motion for Joinder as to Dr. Glorimar Santos' Summary Judgment on Plaintiff's Survivorship or*

Civil No. 21-1592 (GMM)
Page -6-

*Inherited Cause of Action Pursuant to Rule 10 [c] of F.R.C.P.* filed by Doctors' Center. (Docket No. 167). On February 4, 2025, Dr. García's *Motion for Joinder Dr. Glorimar Santos' Summary Judgment as to Plaintiff's Survivorship or Inherited Cause of Action as Incomplete and Time-barred* was granted. (Docket No. 171).

On January 31, 2025, Dr. García filed her *Motion for Summary Judgment and Memorandum in Support*, accompanied by the *Statement of Uncontested Material Facts* (Docket Nos. 158, 159). Therein, Dr. García posits that according to Puerto Rico law, Plaintiff failed to timely file the claim against her and that the claim did not properly toll the statute of limitations. Dr. García posits that Plaintiff had to know or should have known that her name was in the medical records, which were requested by Plaintiff and was available to her prior to the filing of the original Complaint. (Docket No. 158 at 8). Dr. García also bases her summary judgment request on Puerto Rico Supreme Court's ruling in <u>Fraguada</u> and argues that Plaintiff "isn't allowed to rest on the fact that Dr. García's claim was tolled with the filing of the complaint including the hospital as a joint tortfeasor. Article 1104 of the new code clearly requires claimants to individually toll the statute of limitations against each tortfeasor in all non-contractual liability cases, such as this one." (<u>Id.</u> at 10). She also argues that the reasoning applied by the Puerto Rico Supreme

Civil No. 21-1592 (GMM)
Page -7-

Court in the case of Pérez Hernández et al. v. Lares Medical et
al., 207 D.P.R. 965 (2021), doesn't apply to this case, since she
was not an employee of CMC.

Dr. Santos-Rodríguez also filed her *Motion for Summary
Judgment*, accompanied by the *Statement of Uncontested Facts* and
*Memorandum of Law in Support of Motion for Summary Judgment*.
(Docket Nos. 161, 162, 163). Therein, Dr. Santos-Rodríguez also
contends that Plaintiff's claims are time-barred by citing Article
1104 of the Puerto Rico Civil Code of 2020 and Fraguada. (Docket
No. 163 at 5-6). According to Dr. Santos-Rodríguez, Plaintiff had
knowledge of the allegedly negligent acts and/or omissions
incurred by her, and outlined them in the original Complaint, but
"decided not to include Dr. Santos as a named defendant until the
filing of the Amended Complaint." (Id. at 6).

*Plaintiff's Omnibus Opposition to Motions for Summary
Judgment* was filed on February 10, 2025. (Docket No. 177). It was
accompanied by *Plaintiff's Omnibus Opposing Statement of Material
Facts*. (Docket No. 178). Therein, Plaintiff jointly responds to
all three motions for summary judgment. Plaintiff argues that the
case is not time-barred against co-Defendant Dr. Santos-Rodríguez,
because she was named as a defendant in the original *pro se*
Complaint. (Id. at 7). The Complaint filed on December 8, 2021,
identifies her as "Dr. Santos." As to Dr. García and Dr. Santos-

Civil No. 21-1592 (GMM)
Page -8-

Llanos, Plaintiff posits that "a reasonable jury could find from the evidence that, despite exercising reasonable diligence, Plaintiff Wanda González did not acquire knowledge that Dr. Iolani García and Dr. Glorimar Santos had committed medical malpractice until August of 2022, when she was so advised by Dr. Jose Cangiano." (Id. at 8).

As to the inherited cause of action alleged in her *First Amended Complaint* of October 21, 2022, the Plaintiff asserts in this filing that she "has abandoned this claim and consents to its dismissal." (Id. at 2; 10-11).

On February 24, 2025, Dr. García filed a *Reply to Plaintiff's Omnibus Opposition to Motions for Summary Judgment.* (Docket No. 183). Thus, the motions for summary judgment were fully briefed.

## II.  SUMMARY JUDGMENT STANDARD

A.  Fed. R. Civ. P. 56

Fed. R. Civ. P. 56 governs motions for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine dispute in a material fact "if the evidence 'is such that a reasonable jury could resolve the point in favor of the non-moving party.'" Taite v. Bridgewater State University, Board of Trustees, 999 F.3d 86, 93 (1st Cir. 2021) (*quoting* Ellis

Civil No. 21-1592 (GMM)
Page -9-

v. Fidelity Management Trust Company, 883 F.3d 1, 7 (1st Cir. 2018)). In turn, a fact is material "if it 'has the potential of affecting the outcome of the case.'" Id. (*quoting* Pérez-Cordero v. Wal-Mart P.R., Inc., 656 F.3d 19, 25 (1st Cir. 2011)). In making its determination, the Court will look to "the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits. . ." Johnson v. University of Puerto Rico, 714 F.3d 48, 52 (1st Cir. 2013) (*citing* Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008)).

The movant has "the initial burden of 'demonstrat[ing] the absence of a genuine issue of material fact' with definite and competent evidence." Arroyo-Ruiz v. Triple-S Management Group, 258 F.Supp.3d 240, 245 (D.P.R. 2017) (*quoting* Campos v. Van Ness, 711 F.3d 243, 247-48 (1st Cir. 2013)). "Once the moving party has properly supported [its] motion for summary judgment, the burden shifts to the nonmoving party, with respect to each issue on which [it] has the burden of proof, to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (*quoting* DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997)). Indeed, the non-movant is required to "present definite, competent evidence to rebut the motion." Martínez-Rodríguez v. Guevara, 597

Civil No. 21-1592 (GMM)
Page -10-

F.3d 414, 419 (1st Cir. 2010) (*quoting* <u>Vineberg v. Bissonnette</u>, 548 F.3d 50, 56 (1st Cir. 2008)).

Further, the Court must "draw [] all reasonable inferences in favor of the non-moving party while ignoring conclusory allegations, improbable inferences, and unsupported speculation." <u>Smith v. Jenkins</u>, 732 F.3d 51, 76 (1st Cir. 2013). The Court must also refrain from assessing the credibility or weight of the evidence presented. *See* <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 135 (2000) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Facts which are properly supported "shall be deemed admitted unless properly controverted" and the Court is free to ignore such facts that are not properly supported. Local Civ. R. 56(e); <u>Rodríguez-Severino v. UTC Aerospace Sys.</u>, No. 20-1901, 2022 WL 15234457, at *5 (1st Cir. Oct. 27, 2022).

B.    <u>Local Civ. R. 56</u>

Local Civ. R. 56 also controls motions for summary judgment. *See* Local Civ. R. 56. In sum, it requires the non-movant to "admit, deny or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of material facts." Local Civ. R. 56(c). If the fact is not admitted, "the opposing statement shall support each

Civil No. 21-1592 (GMM)
Page -11-

denial or qualification by a record citation. . ." *Id.* In its opposing statement, the non-movant can include additional facts supported by record citations. *See* *id.* In turn, the movant "shall submit with its reply a separate, short, and concise statement of material facts, which shall be limited to any additional fact submitted by the opposing party." Local Civ. R. 56(d). In its statement, the movant shall admit, deny, or qualify those additional facts. *See* *id.* Any denial and qualification that the movant raises must be supported by a record citation. *See* *id.*

Failure to comply with Local Rule 56(c) gives the Court the ability to accept a party's proposed facts as stated. *See* López-Hernández v. Terumo Puerto Rico LLC, 64 F.4th 22, 26 (1st Cir. 2023); *see also* Natal Pérez v. Oriental Bank & Trust, 291 F.Supp.3d 215, 219 (D.P.R. 2018) ("If a party improperly controverts the facts, Local Rule 56 allows the Court to treat the opposing party's facts as uncontroverted."). Litigants ignore Local Rule 56(c) at their peril. *See* López-Hernández, 64 F.4th at 26.

### III. FINDINGS OF FACT

The Court examined the *Statement of Uncontested Material Facts* filed by Dr. Santos-Llanos (Docket No. 156); *Statement of Uncontested Material Facts* filed by Dr. García (Docket No. 159); *Statement of Uncontested Facts* filed by Dr. Santos-Rodríguez (Docket No. 162); and *Plaintiff's Omnibus Opposing Statement of*

Civil No. 21-1592 (GMM)
Page -12-

*Material Facts* (Docket No. 178). The Court only credits material

facts properly supported by a record citation.

Accordingly, the Court makes the following findings of fact

for the purposes of this *Opinion and Order*:

1.  On December 8, 2021, Plaintiff, appearing *pro se*,
    filed the original Complaint. (Docket Nos. 1; 156
    at 1 ¶ 1; 159 at 1 ¶ 1; 163 at 1 ¶ 1; 178 at 1 ¶
    1).

2.  The original Complaint was a civil suit filed
    against Defendants due to the alleged negligence
    and malpractice which purportedly caused the death
    of Mr. González. (Docket Nos. 1; 156 at 1 ¶¶ 2-3;
    159 at 1-2 ¶ 2; 163 at 1 ¶ 2; 178 at 1 ¶ 2, 3 ¶ 2,
    6 ¶ 2).

3.  The original Complaint was filed against Hogar
    Gonsuárez, CMC, Doctors Center and other defendants
    identified as "Dr. Carlos Blanco," "Dr. Santos,"
    "Laboratory Unknown Corp.," "Legal Conjugals (sic)
    Partnership," "Medical Director[(s)]," "Alexis
    Rivera," "Iris González," among other unknown
    physicians, including Dr. Doe and Dr. Roe, and
    unidentified officers and insurance companies.
    (Docket Nos. 1; 156 at 1 ¶¶ 2-3; 159 at 1-2 ¶ 2;
    163 at 1 ¶ 2; 178 at 1 ¶ 2, 3 ¶ 2, 6 ¶ 2).

4.  On November 22, 2020, Mr. González was admitted to
    the CMC. (Docket Nos. 156-5; 159-3).

5.  Mr. González passed away on December 11, 2020, at
    the Doctors' Center. (Docket Nos. 156 at 5 ¶ 22;
    156-4 at 2; 178 at 10 ¶ 22).

6.  On December 15, 2020, Plaintiff requested Mr.
    González's medical record for the November 22, 2020
    admission at CMC. Plaintiff requested the records
    including the Discharge Summary, Consultations,
    Medical Evaluation, Emergency Room Report,
    Laboratories, EKG, and X-rays. (Docket Nos. 156 at
    5 ¶ 23; 156-5 at 2-3; 178 at 10 ¶ 23).

Civil No. 21-1592 (GMM)
Page -13-


7.    On October 21, 2022, Plaintiff filed a *First
      Amended Complaint* and specifically included and
      named Dr. Santos-Rodríguez, Dr. García and Dr.
      Santos-Llanos. (Docket Nos. 85; 156 at 3 ¶¶ 9-10;
      159 at 3 ¶ 12; 163 at 2 ¶ 6; 178 at 2 ¶ 6, 5 ¶ 12,
      7 ¶ 7-10).

**Regarding Dr. Santos-Llanos**

8.    Dr. Santos-Llanos is a Board-Certified
      Pulmonologist with privileges to admit patients and
      answer consultations placed to her at the CMC.
      (Docket Nos. 156 at 4 ¶ 15; 178 at 9 ¶ 15).

9.    On April 7, 2022, Plaintiff filed a *Motion for Leave
      to Amend Complaint to Conform to the Evidence*.
      After the request was granted by the Court,
      Plaintiff filed an *Amended Complaint* on April 12,
      2022. Dr. Santos-Llanos was not mentioned or
      included in the *Amended Complaint*. (Docket Nos. 33;
      34; 35; 156 at 2 ¶ 6; 178 at 7 ¶ 6).

10.   Dr. Santos-Llanos has never been an employee of the
      CMC, but she held privileges to admit and answer
      consultations as a Pulmonologist. (Docket Nos. 156
      at 4 ¶ 16; 156-1 at 3; 178 at 9 ¶ 16).

11.   Dr. Santos-Llanos was consulted by Internist, Dr.
      Daniel López Infante, on November 22, 2020, to rule
      out aspiration pneumonia on the patient, Mr.
      González. She answered the consultation that same
      day. (Docket Nos. 156 at 4 ¶ 17; 156-1 ¶ 5; 156-2;
      178 at 9 ¶ 17).

12.   Dr. Santos-Llanos visited the patient again on
      November 27, 2020, after which she had no more
      involvement in his case and was not reconsulted.
      (Docket Nos. 156 at 4 ¶ 18; 156-1 ¶ 6-9; 156-2; 178
      at 9 ¶ 18).

13.   Dr. Santos-Llanos did not participate in the
      decision to discharge Mr. González by Dr. Ubaldo
      Santiago Buono. (Docket Nos. 156 at 5 ¶ 19; 156-1
      ¶ 10; 178 at 9 ¶ 19).

Civil No. 21-1592 (GMM)
Page -14-


14.  Dr. Santos-Llanos' name is clearly legible in the
     consultation of November 22, 2020, and in the
     Progress Note of November 27, 2020. (Docket Nos.
     156 at 5 ¶ 20; 156-2 at 2; 156-3 at 2; 178 at 10 ¶
     20).

**Regarding Dr. García**

15.  In CMS's medical record, the complete name and
     physician's license of Dr. García are clearly
     identified. (Docket Nos. 159 at 3 ¶ 11; 159-3 at
     10; 178 at 5 ¶ 11).

16.  Dr. García was named as a defendant for the first
     time in the *First Amended Complaint* filed on
     October 21, 2022. (Docket Nos. 159 at 3 ¶ 12; 178
     at 5 ¶ 12).

17.  Dr. García wasn't an employee of CMC at the time of
     the admission of Plaintiff's father. (Docket Nos.
     159 at 3 ¶ 13; 159-4 at 4; 178 at 5 ¶ 13).

**Regarding Dr. Santos-Rodríguez**

18.  Plaintiff referred to "Dr. Santos" several times in
     the Complaint she filed *pro se*. (Docket Nos. 1 at
     1, 8, 12; 162 at 2 ¶ 4; 178 at 2 ¶ 4).

19.  In the original Complaint, Dr. Santos-Rodríguez is
     identified by Plaintiff as the physician that
     discharged Mr. González from the Doctors' Center on
     December 4, 2020. (Docket Nos. 1; 162 at 2 ¶ 5; 178
     at 2 ¶ 5).

20.  In the *First Amended Complaint*, Dr. Santos-Llanos
     is also identified by Plaintiff as the physician
     that discharged Mr. González from Doctors' Center
     on December 4, 2020. (Docket Nos. 85 at 16; 162 at
     2 ¶ 7; 178 at 2 ¶ 7).

Civil No. 21-1592 (GMM)
Page -15-

## IV.  APPLICABLE LAW

This is a diversity action. As such, Puerto Rico substantive law applies. *See* <u>Roja-Ithier v. Sociedad Española de Auxilio Mutuo y Beneficiencia de Puerto Rico</u>, 94 F.3d 40, 43 (1st Cir. 2005) (*citing* <u>Erie R.R. Co. V. Tompkins</u>, 304 U.S. 64, 92 (1938)). The current version of the Puerto Rico Civil Code ("2020 Civil Code")[2], Act No. 55 of June 1, 2020, PR Laws Ann. Tit. 31, § 5311 et seq., entered into force on November 28, 2020.[3] *See* <u>Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.,</u> 79 F.4th 1, 5 n. 1 (1st Cir. 2023).

A.  <u>Personal Liability, the Doctrine of Apparent Agency, and Corporate Responsibility</u>

The claims before the Court involve Puerto Rico's general tort statute. The Puerto Rico general tort statute did not suffer substantial changes with the adoption of the 2020 Civil Code. Article 1536 replaced Article 1802 when the 2020 Civil Code came into effect. Article 1536 contains the same elements as its predecessor. All caselaw analyzing Article 1802 "remains in effect and will be applied to any actions brought pursuant to Article 1536 of the Puerto Rico Civil Code of 2020." <u>Dumanian v. FirstBank of Puerto Rico</u>, 2024 WL 197429, at *3, n.4 (D.P.R. Jan. 17, 2024).

---

[2] Because the events giving rise to this action took place after the new 2020 Civil Code came into effect, this is the substantive law that applies.
[3] Although the 2020 Civil Code does not have an official English translation, Defendants submitted certified English translations of several relevant portions thereof. (Docket Nos. 155-3; 155-4; 155-4).

Civil No. 21-1592 (GMM)
Page -16-

Article 1536 of the 2020 Civil Code, dictates that "any person who, through fault or negligence, causes damage to another, is obliged to repair it." PR Laws Ann. tit. 31 § 10801; Baum-Holland v. Hilton EL Conquistador Management, LLC, 964 F.3d 77, 87 (1st Cir. 2020) (applying Puerto Rico substantive law in its diversity case). This legal mandate is not limited to a person's own acts. For example, Article 1540 (previous Article 1803) decrees the norm of what is known as vicarious liability or respondeat superior. Lagares v. Miller, No. 20-CV-1435 (BJM), 2023 WL 3074795, at *3 (D.P.R. Apr. 25, 2023), reconsideration denied, No. 20-CV-1435 (BJM), 2023 WL 3964021 (D.P.R. June 13, 2023).

In addition, Puerto Rico's apparent or ostensible agency doctrine provides that "hospitals and physicians are directly and jointly liable to a victim of malpractice when [the victim] goes directly to a hospital for medical treatment and the hospital 'provides' the physicians who treat him." Suero-Algarín v. CMT Hospital Hima San Pablo Caguas, 957 F.3d 30, 38 (1st Cir. 2020) (quoting Márquez-Vega v. Martínez Rosado, 116 D.P.R. 397, 16 P.R. Offic. Trans. 487, 497 (1985)) (Internal quotations omitted); see also Fonseca v. Hosp. HIMA, 184 D.P.R. 281 (2012) (stating that Puerto Rico's apparent or ostensible agency doctrine dictates that a hospital is jointly and severally liable for a physician's malpractice if the hospital assigned that physician to the

Civil No. 21-1592 (GMM)
Page -17-

patient). This situation differs from instances when "a person goes directly to a physician's private office, agrees with him as to the treatment he or she is going to receive, and goes to a given hospital on the physician's recommendation merely because said institution is one of several which the physician has the privilege of using. . ." Suero-Algarín, 957 F.3d at 38 (*quoting* Márquez-Vega, 16 P.R. Offic. Trans. at 497). The key, thus, is "pinpointing who did the patient—first and foremost—entrust with his health: the hospital or the physician." Márquez-Vega, 16 P.R. Offic. Trans. at 496. "[I]t makes no difference whether the attending physician is a hospital employee or not." Id. 16 P.R. Offic. Trans. at 497; *see also* Casillas-Sánchez v. Ryder Memorial Hosp., Inc., 960 F.Supp.2d 362, 366 (D.P.R. 2013)(explaining that this apparent agency doctrine expands liability beyond Article 1803: "although historically a hospital's liability was based on the vicarious liability doctrine in Puerto Rico and extended to a hospital's employees. . .the Supreme Court of Puerto Rico has made clear that the doctrine has expanded to situations where a patient seeks medical aid directly from a hospital and the hospital provides the treating physician—regardless of the physician's employment relationship with the hospital."); Roa-Santiago v. Hosp. Pavia Arecibo, No. CV 23-1121 (ADC), 2024 WL 3048639, at *4 (D.P.R. June 18, 2024); Rivera-Santiago v. De Jesus-Ramos, No. CV 23-1121 (ADC),

2024 WL 2941421, at *4 (D.P.R. June 11, 2024); <u>Vázquez Vázquez v.</u>
<u>Hosp. Hermanos Melendez, Inc.,</u> No. CV 20-1387 (GMM), 2023 WL
6163431, at *6 (D.P.R. Sept. 20, 2023) <u>Rodríguez on behalf of</u>
<u>P.V.M. v. Mennonite General Hospital,</u> Inc., 21-1286 (GMM), 2023 WL
3902717, at *6 (D.P.R. 2023); <u>Morales v. Monagas</u>, 723 F.Supp.2d
416, 419 (D.P.R. 2010).

B.  <u>Perfect and Imperfect Solidarity – Plurality of Joint
    Tortfeasors</u>

As it pertains to tort liability, solidarity is the rule.
When the damage is caused by two or more persons, "all joint
tortfeasors are liable to the plaintiff for the damage sustained
by the latter." <u>Szendrey v. Hospicare, Inc.</u>, 158 D.P.R. 648, 654,
--- P.R. Offic. Trans. --- (2003). Thus, joint tortfeasors are "on
the hook" for the totality of the damages sustained by the
plaintiff regardless of their respective degree of negligence.
However, Puerto Rico law recognizes the right of contribution
between joint tortfeasors, which allows a tortfeasor "who has paid
more than his or her share to claim from the other [co-tortfeasors]
their respective shares." <u>Id.</u>

Furthermore, Puerto Rico law distinguishes between perfect
and imperfect solidarity. Perfect solidarity occurs "between
several persons joined by a common interest, which have frequent
relations among themselves or know each other." <u>Ramírez v.</u>
<u>Corporación del Centro Cardiovascular de Puerto Rico y del Caribe,</u>

994 F.Supp.2d 218, 223 (D.P.R. 2014) (*quoting an English translation of* <u>Fraguada</u>, 186 D.P.R. 365). Imperfect solidarity, on the other hand, occurs "when it is established by law between persons who do not know each other, who are merely accidental co-debtors or when their relations are sporadic." <u>Id.</u>

C.    <u>Statute of Limitations</u>

Tort claims under Article 1536 of the 2020 Civil Code carry a statute of limitations of one year. *See* P.R. Laws Ann. tit. 31, § 9496. The Puerto Rico Supreme Court has repeatedly held that the statute of limitations for tort claims falls under the cognitive theory of damages. *See* <u>Fraguada</u>, 186 D.P.R. at 375. Hence, the one-year term begins to run "once the injured party knows both that he has suffered a harm and who is responsible for it." <u>Rodríguez v. Suzuki Motor Corp.</u>, 570 F.3d 402, 206 (1st Cir. 2009) (*citing* <u>García Pérez v. Corporación de Servicios para la Mujer y la Familia, etc.</u>, 2008 TSPR 114, 2008 WL 2717833, at *4 (P.R. June 30, 2008)).

Yet, the most important implication of the distinction between perfect and imperfect solidarity is how the statute of limitations is tolled and against whom it is tolled. Article 1104 of the 2020 Civil Code establishes that the "[i]nterruption of the statute of limitations of actions in joint and several obligations benefits or harms equally all creditor and debtors, except in non-

Civil No. 21-1592 (GMM)
Page -20-

contractual obligations when there is concurrence of several torfeasors." 31 P.R. Laws Ann. § 9063.

This means that in the case of perfect solidarity, the tolling of the action as to one co-tortfeasor, tolls the action as to all co-tortfeasors. However, Article 1104 is not applicable where imperfect solidarity is found. This new article in the 2020 Civil Code, incorporated the *in solidum* doctrine for actions under Puerto Rico's general tort statute that was adopted by the Puerto Rico Supreme Court in <u>Fraguada</u>. In those cases, "the aggrieved person will have to interrupt the prescriptive term individually with respect to each co-[tortfeasor], since the interruption of the prescription in the [imperfect] solidarity does not equally affect or harm all of the [tortfeasors]." <u>Rodriguez on behalf of P.V.M. v. Mennonite Gen. Hosp., Inc.</u>, 2023 WL 3902717, at *5. In other words, pursuant to this doctrine, "the timely filing of a complaint against an alleged joint tortfeasor does not toll the statute of limitations against the rest of the alleged joint tortfeasors." <u>Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.</u>, 812 F.3d 213, n.4 (1st Cir. 2016) (internal quotation marks omitted) (*citing* <u>Fraguada</u>).

Where there is imperfect solidarity between co-tortfeasors, if the injured party's claim against a certain co-tortfeasor has expired, then the right of the injured party to claim liability

Civil No. 21-1592 (GMM)
Page -21-

from that co-tortfeasor ceases and "the obligation for the other
co-[tortfeasors] to respond for the former's part in the damages
also ceases." Tonge v. Doctors' Center Hospital, 531 F.Supp.3d
491, 505 (D.P.R. 2021) (*quoting a certified English translation of*
Maldonado Rivera v. Suárez, 195 D.P.R. 182, 209 (2016)). In which
case, the court must deduct the percentage of negligence, or
responsibility, of the extinguished co-tortfeasor. *See* Calderón
Amézquita v. Rivera Cruz, Civil No. 17-2197, 2022 WL 458735, at *1
(D.P.R. Feb. 15, 2022) ("[E]ven if the plaintiff ultimately
prevails, because they are at fault for failing to file a timely
claim against the non-defendant tortfeasor, the portion of
liability attributable to the non-defendant tortfeasor will be
deducted from the total compensation available for them.").

## V.    ANALYSIS

The argument for all three motions for summary judgment is
centered on the text of Article 1104 of the 2020 Civil Code and
the doctrine established by the Puerto Rico Supreme Court in
Fraguada. In this case, co-defendants Dr. Santos-Llanos, Dr.
García and Dr. Santos-Rodríguez separately argue that the case
should be dismissed as to them as time-barred, since Plaintiff had
to either toll, or file suit within, the one-year statute of
limitations against each co-tortfeasor in this medical malpractice
case.

Civil No. 21-1592 (GMM)
Page -22-

A.    <u>The claim against Dr. Santos-Llanos and the CMC</u>

On November 22, 2020, Mr. González, was admitted to the CMC. (Docket Nos. 156-2). He arrived directly at the emergency room of the CMC due to "facial swelling and findings of cellulitis" and "some cough and congestion." (<u>Id.</u> at 2). Dr. Santos-Llanos had privileges with the CMC. (Docket No. 156-1 at ¶ 3). As reflected in the medical records submitted, the CMC assigned Dr. Santos-Llanos to Mr. González's care. (Docket No. 156-2 at 2). Thus, Mr. González entrusted his health to the CMC since he went directly to the CMC seeking medical aid and it was the CMC who provided Dr. Santos-Llanos as a treating physician.

B.    <u>The claim against Dr. García and the CMC</u>

During that same admission at the CMC, as reflected in the medical records submitted, Dr. García was also assigned to Mr. González's care. (Docket No. 159-3 at 10). Dr. García was not an employee of the CMC at the time of Mr. González's admission at the CMC. (Docket Nos. 159 at 3 ¶ 13; 159-4 at 4; 178 at 5 ¶ 13). Likewise, Mr. González entrusted his health to the CMC, after going directly to its emergency room CMC seeking medical aid, and it was the CMC who provided Dr. García as a treating physician.

For some reason, the Defendants failed to develop any meaningful argument as to the doctrine of apparent agency, which controls per <u>Márquez-Vega</u>, 16 P.R. Offic. Trans. at 497. *See also*

Civil No. 21-1592 (GMM)
Page -23-

Casillas-Sánchez v. Ryder Memorial Hosp., Inc., 960 F.Supp.2d 362, 366 (D.P.R. 2013); *see also* Cruz Flores v. Hospital Ryder Memorial, Inc., 210 P.R. Dec. 465 (2022), 2022 WL 4236986 (Puerto Rico Supreme Court recently reiterating the norm established in Márquez-Vega). This norm was not repealed by Fraguada and still applies in full force to this case.

The Puerto Rico Supreme Court has determined and to date reiterated that in cases involving independent contractors or non-employees that provide medical services to hospitals' patients, the hospital will be solidarily liable with said independent contractor or non-employee if malpractice was committed by them. Specifically, the Court has explained this matter as follows:

> [W]hen a patient goes to the hospital and the hospital provides the physicians, we have held that the hospital will be solidarily liable with the non-employee physician who committed malpractice. This is because, in the first place, it is the hospital that provides the services of that particular physician, and the patient ordinarily has no option and takes no part in that choice.

Tonge Landron v. Doctors Ctr. Hosp. San Juan, Inc., No. CV 19-1061 (DRD), 2021 WL 11962975, at *5 (*citing* Sagardía De Jesús v. Hosp. Aux. Mutuo, 177 P.R. Dec. 484, 513-15, 2009 T.S.P.R. 173 (2009)) (emphasis added). Moreover, the Puerto Rico Supreme Court has "clarified that 'perfect solidarity' and the tolling effects of Article 1874 of Puerto Rico's prior Civil Code [now, Article 1104] are applicable to tort actions in the post-*Fraguada-Bonilla*

landscape when facing scenarios of "vicarious liability." (Id. at
*6). In addition, as discussed above and of particular importance
to the case at bar, if the person "goes directly to the
hospital[,]" "it makes no difference whether the attending
physician is a hospital employee or not. . .or a physician
belonging to the hospital staff and called in for consultation to
treat the patient." Rivera-Santiago v. De Jesus-Ramos, 2024 WL
2941421, at *4 (citing Márquez-Vega at 497).

Here, although Plaintiff did not respond to Defendants'
arguments regarding Fraguada, Plaintiff did allege that Mr.
González went to the CMC for treatment and that both, Dr. Santos-
Llanos and Dr. García provided care while he was admitted. It is
uncontested that CMC and Dr. Santos-Llanos and Dr. García were
joined by the common interest of providing medical attention to
Mr. González. In addition, the record reflects, and it is also
undisputed, that the CMC was included in the original Complaint
filed on December 8, 2021. See (Docket No. 1).

Therefore, according to the standing Puerto Rico Supreme
Court precedent —cited with approval on multiple occasions by this
District— the Court must conclude that both, Dr. Santos-Llanos and
Dr. García, and the CMC, are in perfect solidarity and may be held
jointly and severally liable if negligence is found. Consequently,
pursuant to the cited caselaw and Article 1104, the Court is also

Civil No. 21-1592 (GMM)
Page -25-

obliged to determine that the Complaint filed on December 8, 2021, properly tolled the one-year statute of limitations, not only against the CMC, but also against Dr. Santos-Llanos and Dr. García. As such, the claims against Dr. Santos-Llanos and Dr. García for their alleged malpractice are not time-barred.

C.    The claim against Dr. Santos-Rodríguez and Doctors Center

On December 4, 2020, Mr. González was admitted to the emergency room at Doctors Center. (Docket No. 85 ¶31). It is undisputed, that the Doctors' Center was included as a defendant in the original Complaint filed on December 8, 2021. (Docket Nos. 1; 156 at 1 ¶¶ 2-3; 159 at 1-2 ¶ 2; 163 at 1 ¶ 2; 178 at 1 ¶ 2, 3 ¶ 2, 6 ¶ 2). Furthermore, in the *pro se* Complaint Plaintiff filed on December 8, 2021, she included a "Dr. Santos," whom she knew was the female physician that had discharged her father from the Doctors' Center. (Docket Nos. 178 at 14 ¶ 5; 178-1 ¶ 6). Even though Dr. Santos-Rodríguez was not specifically brought as a defendant, Plaintiff referred to her as "Dr. Santos" several times throughout her pleading. (Docket Nos. 1 at 1, 8, 12; 162 at 2 ¶ 4; 178 at 2 ¶ 4). In addition, Dr. Santos-Rodríguez admits that she was identified by Plaintiff as the physician that discharged Mr. González from Doctors Center on December 4, 2020. (Docket No. 162 at 2 ¶ 5). Dr. Santos-Rodríguez is later specifically named and summoned as a defendant in the *First Amended Complaint* filed on

Civil No. 21-1592 (GMM)
Page -26-

October 21, 2022, where she is also identified by Plaintiff as the physician that discharged Mr. González from Doctors Center. (Id. ¶¶ 6-7). Hence, Plaintiff argues that the original Complaint tolled the statute of limitations against Dr. Santos-Rodríguez because she was specifically named as a defendant and the Complaint includes specific allegations against her. She is correct.

The First Circuit has established that when a plaintiff seeks to add a claim against a new defendant in an amended complaint filed after the limitations period has run, the claim is considered "time-barred as a matter of law *unless* the amended complaint 'relates back' to the original complaint." Coons v. Industrial Knife Co., 620 F.3d 38, 42 (1st Cir. 2010) (emphasis added). Whether an amendment relates back, in turn, is governed by Fed. R. Civ. P. 15 (c). Under Rule 15 (c)(1)(A), an amendment will relate back when "the law that provides the applicable statute of limitations allows relation back." Thus, in effect, Rule 15 (c)(1)(A) "cements in place a one-way ratchet; less restrictive state relation-back rules will displace federal relation-back rules, but more restrictive state relation-back rules will not." Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009).

The First Circuit has also held that the question of whether an amendment substituting a party relates back to the original complaint in a diversity case has a direct substantive effect and

Civil No. 21-1592 (GMM)
Page -27-

that, since the application of the federal rule of procedure
defeated substantive state rights, state law should be applied.
Marshall v. Mulrenin, 508 F.2d 39, 44 (1st Cir. 1974); Covell v.
Safetech, Inc., 90 F.R.D. 427, 433 (D.C. Mass. 1981).

Like the Federal Rules of Civil Procedure, the Puerto Rico
Rules of Civil Procedure provide a mechanism by which a plaintiff
may interrupt the statute of limitations by relating the
substitution of an unknown defendant back to the time of the filing
of the original complaint. "Rule 15.4 states that, if a defendant's
name is unknown, a plaintiff may use a fictitious name to identify
him/her temporarily." Aponte Bermudez v. Berrios, No. 15-1034
(CVR), 2016 WL 4708294, at *1-3 (D.P.R. Sept. 8, 2016). Plaintiff
must also specifically state the claims he/she is bringing against
that party and, upon discovering the real name, may then amend to
substitute the fictitious name for the newly identified defendant.
Id.; see also P.R. R. Civ. P. 15.4. The effect of this procedural
mechanism is clearly substantive, since the newly identified party
will be considered a defendant from the moment the original
complaint was filed. By virtue of this, the date in which a
defendant is first included in an original complaint will be the
date to be considered for purposes of statute of limitations
issues. Figueroa Díaz v. Escobales, 101 D.P.R. 173 (1973); Bithorn

Civil No. 21-1592 (GMM)
Page -28-

v. Santana, 68 P.R.R. 281 (1948); Santiago v. Becton Dickinson & Co., S. A., 539 F.Supp. 1149, 1152-53 (D.P.R. 1982).

Thus, a complaint relates back when a plaintiff knows the defendant's identity but not his or her name. Serrano v. Figueroa-Sancha, 878 F.Supp.2d 301 (D.P.R. 2012) (Dominguez, J.); Fuentes v. Tribunal de Distrito, 73 P.R.R. 893, 916 (P.R.1952).[4]

In the above captioned case, Plaintiff sought to amend her complaint and add the correct name for the unknown defendant physician whose identity she knew, but whose full name she did not. In addition, Plaintiff specifically mentioned in her original Complaint the causes of action she was bringing against the unknown defendant. Thus, the *First Amended Complaint* relates back to the original Complaint which was filed within the statute of limitations.

Regardless, even if the Court did not apply the relation back doctrine, the apparent agency doctrine also applies to Dr. Santos-Rodríguez. In this case it is uncontested that the Plaintiff has argued that Dr. Santos-Rodríguez was the physician assigned to Mr.

---

[4] In this sense, the Puerto Rico Supreme Court ruled in the case of Ortíz v. Municipal Government, 94 D.P.R. 472 (1967) that it followed the criteria adopted by California courts, and stated: "(w)here a complaint attempts to set forth a cause of action against a defendant designated by a fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from the filing of the original complaint, and that is the date to be considered for determining any contention on extinctive prescription. . ." Aponte Bermudez v. Berrios, 2016 WL 4708294, at *1-3 (*citing* Ortíz v. Municipal Government at 478); *see also* Puerto Rico Civil Procedure Rule 13.3.

Civil No. 21-1592 (GMM)
Page -29-

González's care at Doctors' Center, who was timely brought as a defendant in the original Complaint. (Docket No. 162 at 2 ¶ 5). In adherence to Puerto Rico's case law and taking into account Article 1104 of the 2020 Civil Code, the Court also finds that Dr. Santos-Rodríguez and Doctors' Center are in perfect solidarity and that they may be held jointly and severally liable if negligence is found. Accordingly, the tolling of the action as to Doctors' Center, also tolled the action as to Dr. Santos-Rodríguez. Thus, Plaintiff's claims against Dr. Santos-Rodríguez are not time-barred.

Lastly, since Plaintiff voluntarily withdrew her claims as to the inherited cause of action, those claims are dismissed.

### VI.  CONCLUSION

The Court **DENIES** Dr. Santos-Llanos' *Motion for Summary Judgment* at Docket No. 154; Dr. Garcia's *Motion for Summary Judgment and Memorandum in Support* at Docket No. 159; and Dr. Santos-Rodriguez's *Motion for Summary Judgment* at Docket 161.

IT IS SO ORDERED.

In San Juan, Puerto Rico, March 28, 2025.


s/Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE